T.C. Summary Opinion 2001-40


UNITED STATES TAX COURT


RUTHA M. CORLEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos.   727-99S, 728-99S,       Filed March 26, 2001.
              16618-99S.


Rutha M. Corley, pro se.

Ross M. Greenberg, for respondent.


ARMEN, Special Trial Judge:  These consolidated cases were

heard pursuant to the provisions of section 7463 of the Internal

Revenue Code in effect at the times the petitions were filed.[1]

The decisions to be entered are not reviewable by any other

_____

        [1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
taxable years in issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

court, and this opinion should not be cited as authority.

Respondent determined deficiencies in petitioner's Federal income taxes as follows:

| Docket No. | Year | Deficiency |
|---|---|---|
| 727-99S | 1995 | $3,699 |
| 728-99S | 1996 | 4,265 |
| 16618-99S | 1997 | 4,317 |
| 16618-99S | 1998 | 2,380 |

The issues for decision are as follows:

(1) Whether petitioner's filing status is head-of-household as claimed on petitioner's income tax returns for the years in issue. We hold that it is.

(2) Whether petitioner is entitled to dependency exemptions for her son, daughter, and grandmother as claimed on her income tax returns for the years in issue. We hold that she is.

(3) Whether petitioner is entitled to earned income credits as claimed on her income tax returns for the years in issue. We hold that she is.

Background

Some of the facts have been stipulated, and they are so found. Petitioner resided in Deland, Florida, at the time that her petitions were filed with the Court.

Petitioner has two children, a son Henry Earl Corley (Henry), who was born on December 9, 1978, and a daughter Ceola Jean Corley (Ceola), who was born on July 2, 1981.

Petitioner married Willie Corley (Mr. Corley) on July 4, 1985. Thereafter, Mr. Corley adopted petitioner's two children, Henry and Ceola.

During most, if not all, of their married life, petitioner and Mr. Corley resided in a rented house located at 229 West Euclid Avenue, Deland, Florida (the West Euclid Avenue residence). Petitioner also used the West Euclid Avenue residence as the business premises for her day care business, which she operated as a sole proprietor.

In May 1994, petitioner filed a petition for dissolution of marriage with the circuit court for Volusia County, Florida. Thereafter, Mr. Corley vacated the West Euclid Avenue residence. Petitioner, together with Henry and Ceola, continued to live in the West Euclid Avenue residence for the balance of that year.

During virtually all of 1995, petitioner, together with Henry and Ceola, lived in the West Euclid Avenue residence. During some portion of 1995, petitioner's grandmother Lillie Lucas also lived at the West Euclid Avenue residence while she was recuperating from abdominal surgery.

At the end of 1995, petitioner terminated her day care business and, together with Henry and Ceola, moved in with her grandmother at her grandmother's house located at 628 South Parsons Avenue, Deland, Florida (the South Parsons Avenue residence). Petitioner and Ceola continued to live in the South

Parsons Avenue residence with Lillie Lucas through 1998; Henry continued to live there until he enlisted in the U.S. Army on November 4, 1997, after graduating from high school earlier in the year.

In November 1997, the circuit court for Volusia County, Florida, entered a final default judgment of dissolution of marriage. In the judgment, the court (inter alia) awarded custody of Ceola to petitioner and ordered Mr. Corley to pay child support for his daughter in the amount of $97.50 twice per month through the registry of court.[2]

In 1995, petitioner had total income in the amount of $10,791, consisting of net profits from her day care business in the amount of $6,274 and wages in the amount of $4,517. In 1996, 1997, and 1998, petitioner had total income in the amounts of $12,400, $13,725, and $18,527, respectively, consisting solely of wages. Petitioner expended her total income to support herself, her children, and her grandmother, and to maintain the West Euclid Avenue residence (in 1995) and the South Parsons Avenue residence (in 1996 through 1998).

During the years in issue, Mr. Corley was employed by the City of Deland, Florida, and received wages in amounts not specifically disclosed in the record. After he separated from

---

[2] By the time the circuit court entered its judgment, Henry had attained the age of majority.

petitioner, Mr. Corley did not provide any financial assistance to petitioner for her benefit, nor did he provide any child support to petitioner until ordered to do so by the circuit court in the final default judgment of dissolution of marriage.

During the years in issue, petitioner's grandmother was an elderly woman who had no source of income other than Social Security benefits. Petitioner's grandmother received Social Security benefits in the gross amounts (i.e., before the withholding of Medicare premiums) of $8,028 in 1995, $8,236 in 1996, $8,473 in 1997, and $8,651 in 1998. Petitioner's grandmother expended some portion of her Social Security benefits to help support herself, to help maintain the South Parsons Avenue residence, and to help support petitioner and her children.

Petitioner filed Federal income tax returns for the years in issue. On each of those returns, petitioner reported her filing status as head-of-household. On her returns for 1995 through 1997, petitioner claimed dependency exemptions for Henry, Ceola, and her grandmother; on her return for 1998, petitioner claimed dependency exemptions for only Ceola and her grandmother. Also on her returns for 1995 through 1997, petitioner claimed the earned income credit based on two qualifying children (Henry and Ceola); on her return for 1998, petitioner claimed the earned income credit based on only one qualifying child (Ceola).

In separate notices, respondent determined deficiencies in petitioner's income taxes based on the following adjustments for each of the years in issue: (1) Respondent changed petitioner's filing status from head-of-household to single; (2) respondent disallowed the dependency exemptions claimed by petitioner; and (3) respondent disallowed the earned income credit claimed by petitioner.

## Discussion

Before deciding the substantive issues before us, we think that a preliminary comment is in order.

At trial, petitioner testified in her own behalf. Respondent's counsel cross-examined petitioner and also called two third-party witnesses. We found petitioner to be a credible witness, and we have relied heavily on her testimony in making our findings.

We turn now to the substantive issues before us.

### A. Filing Status

As relevant herein, an individual qualifies as a head of a household if such individual is not married at the close of her taxable year[3] and maintains as her home a household that constitutes for more than one-half of such taxable year the

---

[3] Respondent, by determining petitioner's filing status to be single for each of the years in issue, has implicitly conceded that petitioner was not married at the close of any of those years. See sec. 1(c); see also secs. 2(c); 7703(b).

principal place of abode, as a member of such household, of either (1) a son or a daughter or (2) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a dependency exemption for the taxable year for such person under section 151. See sec. 2(b).

The cost of maintaining a household is the sum of the expenses incurred for the mutual benefit of the occupants of the household by reason of its operation as the principal place of abode of such occupants for the taxable year. See sec. 1.2-2(d), Income Tax Regs. Such expenses include property taxes, mortgage interest, rent, utility charges, upkeep and repairs, property insurance, and food consumed on the premises; however, such expenses do not include the cost of clothing, education, medical treatment, vacations, life insurance, and transportation. See id.

During virtually all of 1995, petitioner maintained as her home a household at the West Euclid Avenue address that constituted for more than one-half of that year the principal place of abode of her children Henry and Ceola. During this period, petitioner received no financial assistance from Mr. Corley. Although petitioner received some financial assistance from her grandmother, petitioner was the person principally responsible for maintaining the household at the West Euclid Avenue address.

During 1996, 1997, and 1998, petitioner maintained as her home a household at the South Parsons Avenue address. This home was owned by petitioner's grandmother, who contributed to the cost of maintaining the household. However, petitioner had greater financial resources than her grandmother, and it was petitioner who paid most of the cost of maintaining the household. Further, during these years, petitioner received no financial assistance from Mr. Corley.

During 1996 and 1997, the household at the South Parsons Avenue address constituted for more than one-half of each of those years the principal place of abode of petitioner's son Henry. During 1996, 1997, and 1998, the household at the South Parsons Avenue address constituted for more than one-half of each of those years the principal place of abode, as a member of such household, of petitioner's daughter Ceola and her grandmother Lillie.

In view of the foregoing, we hold that petitioner's filing status for the years in issue was head-of-household. Respondent's determination to the contrary is therefore not sustained.

B. Dependency Exemptions

As relevant herein, a taxpayer is entitled to a dependency exemption for a son, daughter, or grandmother if more than half of such individuals' support is furnished by the taxpayer. See

secs. 151(c) and 152(a)(1), (4). In the case of a child whose parents are either divorced or live apart at all times during the last 6 months of the calendar year, section 152(e)(1) provides that the custodial parent is deemed to provide more than half of the child's support for such year.[4] For purposes of this rule, and as relevant herein, "custody" is determined by the terms of the most recent decree of divorce; however, in the absence of such a decree, "custody" is deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year. Sec. 1.152-4(b), Income Tax Regs.

Insofar as Ceola is concerned, petitioner had physical custody of her daughter throughout the years in issue, and she also had legal custody of Ceola from November 5, 1997, the date of the circuit court's final default judgment of dissolution of marriage, through 1998.

Insofar as Henry is concerned, petitioner had physical custody of her son until December 9, 1996, the date on which Henry attained the age of majority. See Fla. Stat. Ann. sec. 743.07 (West 1997). Thereafter, Henry lived with petitioner until he enlisted in the U.S. Army on November 4, 1997, after graduating from high school earlier in the year. The record

---

[4] Exceptions to the general rule of sec. 152(e)(1) are not applicable in the present cases. See sec. 152(e)(2), (3), and (4).

demonstrates that petitioner provided more than half of Henry's support in 1997.[5]

Insofar as Lillie Lucas, petitioner's grandmother, is concerned, the record demonstrates that she received Social Security benefits for the years in issue and expended some portion of those benefits for her own support.[6]  However, petitioner had greater financial resources than her grandmother, and the record demonstrates that petitioner expended her total income to support the family and to maintain the West Euclid Avenue residence (in 1995) and the South Parsons Avenue residence (in 1996 through 1998).  Overall, we are satisfied that the record establishes that petitioner paid more than half of her grandmother's support for the years in issue.

In view of the foregoing, we hold that petitioner is entitled to dependency exemptions for Ceola, Henry, and her grandmother as claimed by her on her tax returns for the years in issue.  Respondent's determination to the contrary is therefore not sustained.

C. Earned Income Credit

In the case of an eligible individual, section 32(a) allows an earned income credit.  As relevant herein, the term "eligible

---

[5] It should be recalled that petitioner did not claim a dependency exemption for Henry for 1998.

[6]  Ms. Lucas also expended some portion of her Social Security benefits to help support petitioner and her children.

individual" means any individual who has a qualifying child for the taxable year. Sec. 32(c)(1)(A)(i). Also as relevant herein, the term "qualifying child" means a son or daughter of the taxpayer who has the same principal place of abode as the taxpayer for more than one-half of the taxable year and who either has not attained the age of 19 as of the close of the calendar year in which the taxable year of the taxpayer begins or is a student who has not attained the age of 24 as of the close of such taxable year. See sec. 32(c)(3)(A).

In the present cases, Ceola, petitioner's daughter, had the same principal place of abode as petitioner for more than one-half of each of the years in issue; moreover, she had not attained the age of 19 as of the close of 1998, the last of the years in issue. Henry, petitioner's son, had the same principal place of abode as petitioner for more than one-half of 1995, 1996, and 1997; moreover, as of the close of 1997, Henry, who had then attained the age of 19, qualified as a student for that year, having graduated from high school earlier in the year. See sec. 151(c)(4).

In view of the foregoing, petitioner is entitled to earned income credits as claimed by her on her tax returns for the years in issue. Respondent's determination to the contrary is therefore not sustained.

<u>Conclusion</u>

Reviewed and adopted as the report of the Small Tax Case Division.

In order to give effect to our disposition of the disputed issues,

<u>Decisions will be entered</u>

<u>for petitioner.</u>